**Juan JUAN–OSCORIO, aka Robert Garcia, aka Roberto Garcia, aka Jesus Juan–Juan, aka Juan Juan–Osorio, aka Juan Osorio, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15–71887**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 3, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Matthew Harrison Green, Esquire, Law Offices of Matthew H. Green, Tucson, AZ, for Petitioner.

Sheri Robyn Glaser, OIL, David Nicholas Harling, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Juan Juan–Oscorio, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and deeming abandoned his application for NACARA benefits. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and for abuse of discretion the decision to deem an application abandoned, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Juan–Oscorio's asylum claim because he failed to establish a well-founded fear of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). In this case, because Juan–Oscorio failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Juan–Oscorio failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We lack jurisdiction to consider Juan–Oscorio's contention that the IJ's analysis of his CAT claim was incomplete because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Finally, the IJ did not abuse his discretion in determining that Juan–Oscorio abandoned his application for NACARA benefits, where he did not file a completed application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31(c) (authorizing IJs to set filing deadlines and stating that an application not filed by the deadline "shall be deemed waived"). We lack jurisdiction to review Juan–Oscorio's due process contention because he failed to raise it to the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) ("[C]hallenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review." (citation and internal quotation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.